IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND)

IN RE: TAWANDA FOWLER
   DEBTOR(S)

CASE NO: 19-36381

LENDMARK FINANCIAL SERVICES
   PLAINTIFF,
-v-

CHAPTER 13

ROGER O. FOWLER
   CO-DEBTOR/RESPONDENT

SUZANNE WADE
   TRUSTEE,

### NOTICE OF MOTION FOR RELIEF FROM THE CO-DEBTOR STAY PURSUANT TO 11 U.S.C. §1301 § (c )(2)

Lendmark Financial Services, a creditor in this case, has filed papers with the Court to obtain relief from the automatic stay of the Bankruptcy Code with regard to certain property more particularly described in those papers which are attached.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant this creditor's relief from the provisions of the automatic stay of the Bankruptcy Code, or if you want the Court to consider your views on the Motion for Relief from the Co-debtor stay, then on or before, **March 11, 2020,** you or your attorney must:
  File with the Court, at the address shown below, a written response pursuant to Local Bankruptcy Rules 4001(a)-1(H)(2) and 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

  U.S. Bankruptcy Court
  701 E. Broad Street, RM 5100
  Richmond, VA 23219

You must also mail a copy of any such response to:

**ROBERT B. HILL, ESQUIRE**
**HILL & RAINEY, ATTORNEYS**
**2425 BOULEVARD, SUITE 9**
**COLONIAL HEIGHTS, VA 23834**

Attend the preliminary hearing that will be conducted in the U.S. Bankruptcy Court, 701 E. Broad Street, RM 5000, Richmond, VA 23219 on **April 1, 2020 at 11:00 a.m.**

If no timely response has been filed opposing the relief requested, the Courts may grant the relief sought in the Motion for Relief from the Co-Debtor Stay.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion for Relief from the Co-Debtor Stay and may enter and Order granting the relief.

Date: February 25, 2020                                        /s/Robert B. Hill
                                                               Robert B. Hill, VSB#18751
                                                               Hill & Rainey, Attorneys
                                                               2425 Boulevard, Suite 9
                                                               Colonial Heights, VA 23834

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2020, a true copy of the foregoing Motion for Relief from the Co-Debtor Stay was submitted for electronic transmittal or mailed, first-class, postage prepaid to:

Tawanda Fowler
5465 Brandon Bluff Way
Richmond, VA 23223

Roger O. Fowler
5465 Brandon Bluff Way
Richmond, VA 23223

Joseph S. Massie, III, Esquire
The Massie Law Firm, P.C.
115 N. 1st Street
Richmond, VA 23219

Suzanne E. Wade
Chapter 13 Bankruptcy Trustee
P.O. Box 1780
Richmond, VA 23218

/s/Robert B. Hill
Robert B. Hill, VSB#18751
Hill & Rainey, Attorneys
2425 Boulevard, Suite 9
Colonial Heights, VA 23834

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND)

IN RE: TAWANDA FOWLER  
    DEBTOR(S)

CASE NO: 19-36381

LENDMARK FINANCIAL SERVICES  
    PLAINTIFF,  
-v-

CHAPTER 13

ROGER O. FOWLER  
    CO-DEBTOR/RESPONDENT

SUZANNE WADE  
    TRUSTEE,

## MOTION FOR RELIEF FROM THE CO-DEBTOR STAY PURSUANT TO 11 USC § 1301 (C)(2)

**TO ALL DEFENDANTS:**

Pursuant to Rule 4001 (a)-1(H) of the Local Rules of the Unites States Bankruptcy Court of the Eastern District of Virginia, you have twenty (21) days from **February 25, 2020**, the date of service of the Motion upon you, to file a written response thereto and you must file such response with the Clerk of the Unites States Bankruptcy Court, U.S. Bankruptcy Court, 701 E. Broad Street, RM 5000, Richmond, VA 23219, and serve a copy of same upon the Plaintiff's attorney, Robert B. Hill, at 2425 Boulevard, Suite 9, Colonial Heights, VA 23834.

Robert B. Hill, VSB#18751  
Hill & Rainey, Attorneys  
2425 Boulevard, Suite 9  
Colonial Heights, VA 23834  
(804) 526-8300  
Attorney for Lendmark Financial Services

TO THE HONORABLE KEVIN R. HUENNEKENS:

Your Plaintiff, Lendmark Financial Services, respectfully represents as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and 1334 and that this matter is a core proceeding.

2. That the Debtor filed a voluntary petition under Chapter 13 on December 6, 2019. That the chapter 13 plan has not been confirmed.

3. That Debtor, Tawanda Fowler together with Roger O. Fowler, Co-Debtor, signed a Combination Statement of Transaction, Promissory Note and Security Agreement with Lendmark Financial Service in the amount of $6,251.31. Plaintiff holds a Combination Statement of Transaction, Promissory Note & Security Agreement. (See attached Combination Statement of Transaction Promissory Note & Security Agreement).

4. That the balance of the loan at the time of Debtor's bankruptcy filing was $6,923.61. Roger O. Fowler is a Co-Debtor with respect to the debt and security interest.

5. That Debtor, Tawanda Fowler filed Chapter 13 bankruptcy. Debtor's Chapter 13 plan does not list Lendmark Financial Services.

6. Lendmark Financial Services has not received a payment on the account since May 3, 2019.

7. Cause exists for relief from the Co-Debtor stay pursuant to 11 USC § 1301 (C)(2)(3). Continuation of the stay places Plaintiff's interest at risk of irreparable harm.

**WHEREFORE,** Plaintiff prays the Court as follows:

1. Terminate the Co-Debtor stay of 11 U.S.C. § 1301 to permit Plaintiff to take legal actions against the Co-Debtor to the extent that it's claim is not being paid at 100% under the Debtor's chapter 13 plan.

2. Grant Plaintiff such other and further relief as the Court deems just and proper.

This, 25th day of February 2020

Lendmark Financial Services,

By: /s/Robert B. Hill
Of Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2020, a true copy of the foregoing Motion for Relief from the Co-Debtor Stay was submitted for electronic transmittal or mailed, first-class, postage prepaid to:

Tawanda Fowler
5465 Brandon Bluff Way
Richmond, VA 23223

Roger O. Fowler
5465 Brandon Bluff Way
Richmond, VA 23223

Joseph S. Massie, III, Esquire
The Massie Law Firm, P.C.
115 N. 1st Street
Richmond, VA 23219

Suzanne E. Wade
Chapter 13 Bankruptcy Trustee
P.O. Box 1780
Richmond, VA 23218

/s/Robert B. Hill
Robert B. Hill, VSB#18751
Hill & Rainey, Attorneys
2425 Boulevard, Suite 9
Colonial Heights, VA 23834

**COMBINATION STATEMENT OF TRANSACTION, PROMISSORY NOTE & SECURITY AGREEMENT**

The words *I, me, my, mine, we* and *us* refer to the borrower(s) who sign this Combination Statement of Transaction, Promissory Note and Security Agreement ("note"). *You, your* and *yours* refer to Landmark Financial Services, LLC. If more than 1 borrower signs, each will be responsible for all promises made and for repaying the loan in full and you may sue any of us.

The Amount Financed shown below, plus the Loan Fee shown below, together with interest thereon is payable in successive monthly installments and the number and amount of said installments are set forth below. The first of said installments is payable on the 1st Due Date shown below and each subsequent installment on the same day of each succeeding month thereafter, the final installment being due and payable on the Final Due Date shown below. Each installment shall be as shown below if said loan is paid according to the terms hereof; otherwise, the final installment shall be equal to the unpaid principal plus interest accrued at the time said final installment is paid. The FINANCE CHARGE begins to accrue on the date of the loan.

The sum of the monthly installments is shown below as Total of Payments.

LENDER: Landmark Financial Services, LLC.
7230 BELL CREEK ROAD, SUITE F
MECHANICSVILLE, VA 23111

ACCOUNT NO.: (

Borrower(s): ROGER O FOWLER Jr., TAWANDA A FOWLER

Address for Borrower(s): 5465 BRANDON BLUFF WAY, RICHMOND, VA 23223

| Date of Loan | First Due Date | OTHER PAYMENTS DUE SAME DAY EACH MONTH | Final Due Date | First Payment | Other Payments | Number of Monthly Payments |
|---|---|---|---|---|---|---|
| 08/07/2017 | 09/07/2017 | | 08/07/2022 | $ 225.83 | $ 225.83 | 60 |

**ITEMIZATION OF THE AMOUNT FINANCED**

1. $ 5,500.00 Amount Given to Me Directly
2. $ 0.00 Amount Paid on My Prior Account
3. $ 0.00 To Allied Solutions, LLC. for GAP Debt cancellation contract*
4. $ 186.28 To Insurance Company for Life Ins.*
5. $ 391.59 To Insurance Company for Accident & Health Ins.*
6. $ 173.44 To Insurance Company for Involuntary Unemployment Ins.*
7. $ 0.00 To Insurance Company for Vehicle Single Interest Ins.*
8. $ 0.00 To Insurance Company for Non-Filing Ins.*
9. $ 0.00 To Public Official for Recording Fees
10. $ 0.00 To Public Official for Lic/Title/Reg Fees
11. $ 0.00 Amount Paid to Others
12. $ 6,251.31 Amount Financed (Sum of 1-11)
13. $ 7,298.49 FINANCE CHARGE
14. $ 13,549.80 Total of Payments (Sum 12 & 13)
15. 35.988 % ANNUAL PERCENTAGE RATE
16. $ 0.00 Processing Fee (Prepaid Finance Charge)

At your direction and request, on your behalf and for your benefit, we have disbursed the following:
(a) $ 0.00 To N/A
(b) $ 0.00 To N/A
(c) $ 0.00 To N/A
(d) $ 0.00 To N/A
(e) $ 0.00 To N/A
(f) $ 0.00 To N/A
(g) $ 0.00 To N/A
(h) $ 0.00 To N/A

*Lender may retain a portion of these amounts.

**PROMISE TO PAY:** I promise to pay you the principal amount of the loan, which consists of the Amount Financed plus the Processing Fee shown above (Principal), plus interest at the annual simple interest rate of 35.990 % (Interest Rate) on the unpaid Principal balance from time to time in monthly payments as scheduled above, beginning on the first payment due date and then on the same date of each following month until fully paid. Each payment will be applied first to late charges, then to the interest and then to the Principal. Interest shall accrue at the Interest Rate on any judgment you get against me.

**INTEREST AFTER MATURITY:** After the final payment due date, or if you declare the loan due, I agree to pay interest on the unpaid Principal at the Interest Rate until six months after the final payment due date (as originally scheduled or deferred.) After the expiration of said six month period of time, you will be charged interest at 6% per year on the unpaid Principal. No other charges shall be computed or collected.

**INTEREST IN BANKRUPTCY:** If this loan is properly scheduled in a bankruptcy proceeding, beginning 90 days after the date of adjudication, interest shall accrue on the unpaid Principal at the rate of 6% per year. This limitation shall not apply in the following instances: to a co-borrower who is not currently in bankruptcy when I am not entitled to a discharge, or if this loan is not dischargeable in my bankruptcy case. For the purposes of this paragraph, "adjudication" means the date of commencement of a voluntary case on the date of entry of the order for relief in an involuntary case under the United States Bankruptcy code.

**INTEREST AFTER DEATH:** After 90 days from the date I die, no other charges other than interest at 6% per year shall be computed or collected upon the unpaid Principal of the loan.

**PREPAYMENT:** I may prepay this note at any time without penalty. If I make a partial prepayment, you will apply the payment against the unpaid balance and I will still be required to make each scheduled monthly payment until the entire balance is paid. However if I am in default you will first apply a partial prepayment to any late installment until the loan is brought current. The Loan Fee is earned at the time the loan is made and will not be refunded.

**LATE CHARGE:** If I do not pay an installment within 7 days after its scheduled or deferred due date, I agree to pay a late charge of 5% of the installment. Only 1 charge shall be charged on any installment or part of an installment. For the purpose of computing late charges, all payments by me shall be applied to scheduled payments in the order they become due. The late charge will be in addition to daily accrued interest.

**BAD CHECK FEE:** Each time I make any scheduled monthly payment with a check that is dishonored because I have no account or there are insufficient funds in my account, you may collect from me a $15.00 bad check fee.

**DEFAULT:** I'll be in default, if (1) I do not make a payment within 10 days after it is due; (2) I am (or any other person puts me) in bankruptcy, insolvency or receivership; (3) I make any statement or provide any financial information that is untrue or inaccurate in order to obtain this loan; (4) I do not fulfill any other promise I have made to you in this note; (5) I cause you to have a reasonable belief that the prospect of payment, performance or realization of collateral is significantly impaired; or (6) I die.

**EFFECTS OF DEFAULT:** In addition to any other remedies available to you under this note, when I am in default, you may require me to pay the unpaid balance of my loan and all accrued unpaid charges at once. If this loan is secured, you also have all rights of a secured party under Virginia law. If this note is placed in the hands of an attorney not your salaried employee for collection, you may recover your attorney fees not to exceed 15% of the amount due and payable on the loan. You may also recover any court costs incurred by you in attempting to collect on this loan.

**SECURITY AGREEMENT:** I grant to you a security interest in the property described below (where checked or completed) and all parts, accessories, and equipment now or later added to the property and all proceeds of the property, all of which is called the "Property." See page 2 for additional terms of this security agreement. You waive (give up) any right you may have (now or later) to consider collateral I have given you for another obligation as collateral for this note unless it is described in this note.

If this box is checked ☐ _____ sign(s) this note solely for the purpose of granting you a security interest in the Property and being bound by the provisions of this note insofar as they relate to the Property, but shall not be obligated to you under this note for the payment of any monies including, without limitation, the Total of Payments and the monthly installment payments.

☐ (a) Motor Vehicle or Manufactured Home:

| YEAR | MAKE | MODEL | BODY TYPE | SERIAL NO./IDENTIFICATION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

☒ (b) Consumer Goods: See "Personal Property List" which is incorporated herein by reference thereto.

☐ (c) Other (describe): _____

I received a completely filled in copy of this note before I signed it. I understand that this note on page 1 and page 2 together with the Federal Disclosure Statement contains my entire agreement with you which cannot be changed except in writing signed by you. I request you make the disbursements listed above.

EXECUTED IN THE PRESENCE OF: _____ Witness

WITNESS THE HANDS AND SEALS OF THE BORROWERS THE DATE ABOVE WRITTEN.

_____ Borrower (SEAL)
_____ Borrower (SEAL)
_____ Borrower (SEAL)
_____ Borrower (SEAL)

SEE PAGE 2 FOR ADDITIONAL TERMS AND CONDITIONS    Page 1 of 2    GPS/VA NOTE/REV 12/16

10091-01

## ADDITIONAL TERMS AND CONDITIONS

I promise and agree that:

1. I am the owner of the Property and, if there is a certificate of title to the Property, I will promptly deliver the certificate to you at your request.
2. You may inspect the Property at any reasonable time. Upon your request, I will show you the Property or I will furnish to you a written statement showing the location of the Property.
3. I will not sell, lease or otherwise dispose of the Property without your prior written consent.
4. I will keep the Property in this state, unless the Property is a motor vehicle, in which case I will only use it outside this state in the course of my normal use of the Property. I will not use the Property in violation of any law or in any manner inconsistent with any insurance policy.
5. I will pay all taxes, assessments and other fees payable on the Property when they are due and payable.
6. I will sign all financing statements, continuation statements and security interest filing statements with respect to the Property and will pay all taxes and costs for filing the statements when requested by you. I authorize you to file financing statements with respect to the Property without my signature.
7. There are no security interests on the Property other than yours and those which I have advised you about in writing. I will not permit any security interest other than yours to be on the Property at any time without your prior written consent.
8. I will keep the Property in good condition and repair and I will not permit anything to be done to the Property which would impair its value.
9. I will keep the Property insured for the lesser of its full value or the amount of the loan against loss or damage. I may buy property insurance through anyone I choose. My insurance policies must say that the insurance is payable to you to the extent of what I owe you under this note. All insurance proceeds shall be payable to you to the extent of the money I owe to you. I will deliver to you the insurance policies or certificates of insurance. I assign to you any returned or unearned insurance premiums which may be due upon the cancellation of such insurance policies. I direct any insurance companies to pay to you all insurance proceeds and returned or unearned premiums. All insurance proceeds and returned or unearned premiums received by you will be applied against the amount I owe to you and any balance remaining will be paid to me. If I do not maintain required insurance, you may, but are not required, to purchase insurance to protect your interest only in the Property and I agree to pay the cost of the premiums. My payment of the amounts so advanced by you shall be secured hereby. I understand that if the Property is a motor vehicle and I purchase vehicle single interest insurance that it does not insure my interest in the motor vehicle, and that you will accept more comprehensive insurance in its place.
10. If I default in paying any required amount or complying with other terms or conditions, you have the rights and remedies given to a secured party under Virginia law including the right to repossess the Property without judicial process, if this can be done without breach of the peace. If the law requires you to give me notice if you are going to sell the Property, 10 days prior notice of such sale will be reasonable notice to me. Such notice may be given by you to me at my address last shown on your records. You may require me to assemble and make the Property available to you at any place which is convenient to both of us.
11. You can waive or delay enforcing any of your rights without losing them. You can waive or delay enforcing a right against one of us (if more than one borrower signs this note) without losing it as to the other. You can release one of us (if more than one borrower signs this note) without releasing the other and I consent to the extensions of time without notice. You don't have to give me notices such as demand or presentment.
12. Virginia law and federal law, as applicable, govern this note and agreement. If any part is unenforceable, this will not make any other part unenforceable. In no event shall I be required to pay any greater charges or interest than are allowed by law.
13. Nothing contained herein, which constitutes a waiver of a right to legal recourse under any otherwise applicable provision of State or Federal law, shall apply to an individual who is a 'Covered Borrower' as defined by the Department of Defense's Regulation (32 C.F.R. §232) implementing the Military Lending Act (10 U.S.C. §987) on the date of this loan agreement.
14. **I WAIVE THE BENEFIT OF MY HOMESTEAD EXEMPTION AS TO THIS OBLIGATION.**

---

The following Notice applies only if the proceeds of this loan have been applied in whole or substantial part to the purchase of goods and/or services from a person who, in the ordinary course of this business sells such goods and/or services to consumers and borrower has been referred to the Lender by the Seller, or Lender is affiliated with the Seller by common control, contract, or business arrangement.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BORROWER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF, RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**